IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMY PETERSEN, | ) | 8:07CV300 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| ORCHARD VILLAGE, LLC, ORCHARD VILLAGE APARTMENTS, ORCHARD VILLAGE APARTMENT HOMES, LLC, a Nebraska Limited Liability Company, ORCHARD AVENUE APARTMENTS, LLC, a Nebraska Limited Liability Company, MARINE BANK, a Federal Savings Bank, NP DODGE MANAGEMENT COMPANY, INC., and JOHN DOES 1-10, | ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion for Summary Judgment filed by Defendant Orchard Avenue Apartments, L.L.C. ("Orchard Avenue"), at Filing No. 44. For the reasons stated below, the Court concludes that Orchard Avenue's Motion should be granted and the Court will dismiss the Plaintiff's claims against Orchard Avenue with prejudice.

**FACTUAL BACKGROUND**

On August 6, 2003, the Plaintiff, Amy Petersen, was injured when she stepped in a hole in a grassy area leading to her gate at the Orchard Village Apartments, where she resided. At the time of the accident, Orchard Avenue did not own or possess the apartment complex. Instead, Marine Bank owned the property. (Affidavit of Dennis W. Dale, "Dale Aff." Filing No. 46, at ¶ 6). On August 6, 2003, Marine Bank entered into a Purchase Agreement with MW Properties, L.L.C. ("MW Properties"), agreeing to convey the

apartment complex to MW Properties or its assignee. (Dale Aff. at ¶ 5).  On August 20, 2003, MW Properties assigned, transferred, and conveyed all of its right, title, and interest in the Purchase Agreement to Orchard Avenue, and Marine Bank duly executed and delivered a warranty deed on the property to Orchard Avenue.  (Dale Aff. at ¶¶ 5-6). Pursuant to the Warranty Deed, Orchard Avenue acquired ownership and possession or use of the property on August 20, 2003. (Dale Aff. at ¶ 6).  When Orchard Avenue took title from Marine Bank, it did not assume any liability for claims which occurred prior to August 20, 2003. (Dale Aff. at ¶ 7).

On August 6, 2007, Petersen filed her Complaint naming several defendants, including Orchard Avenue.  She seeks damages to cover the costs she has incurred as a result of her injuries.

On November 7, 2008, Orchard Avenue filed its Motion for Summary Judgment, asserting that it is not liable for Petersen's injuries because it did not own the property at the time of her accident. (Filing No. 44).  Petersen has offered no response.

## STANDARD OF REVIEW

In the context of a summary judgment motion, the Court's function is to consider the evidence and determine whether the moving party is entitled to judgment as a matter of law.  The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). In response to the proponent's showing, the opponent's burden is to "come forward with

'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.*

In considering a motion for summary judgment, a court views the facts in the light most favorable to the nonmoving party, and gives that party the benefit of all reasonable inferences. *McNary v. Schreiber Foods, Inc.*, 535 F.3d 765, 768 (8th Cir. 2008).

## DISCUSSION

Orchard Avenue has submitted uncontroverted evidence that it did not own the property where Petersen was injured at the time of her accident, and that it did not assume liability for previous accidents once it did acquire the property.

To establish liability under Nebraska law for injuries arising from property conditions, Petersen must establish that Orchard Avenue owed her a general duty of care to maintain the property. *See Washington v. Qwest Communications Corp.*, 704 N.W.2d 542, 547 (Neb. 2005). "The pivotal question in determining whether the owner of [property] owes a duty of care to third persons is whether the [defendant] may fairly be said to occupy, own, or control the relevant property." *Id. See also Kliewer v. Wall Const. Co.*, 429 N.W.2d 373, 377 (Neb. 1988)(It "[i]s indispensable to any recovery that appellant show by evidence that appellee was at the time of the accident in control of the premises upon which appellant was injured."). Petersen has submitted no arguments or evidence to indicate that Orchard Avenue owned the property or owed her any such duty.

Accordingly, the Court will grant Orchard Avenue's Motion for Summary Judgment.

IT IS ORDERED:

1. The Motion for Summary Judgment (Filing No. 44) submitted by Defendant Orchard Avenue Apartments, L.L.C., is granted;

2. The Plaintiff Amy Petersen's action against Defendant, Orchard Avenue Apartments, L.L.C., is dismissed, with prejudice; and

3. The Clerk of the Court is directed to amend the caption in this case by terminating Orchard Avenue Apartments, L.L.C., as a defendant.

DATED this 6th day of January, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge