IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **AMY PETERSEN,** | ) | **CASE NO. 8:07CV300** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **FINAL DEFAULT JUDGMENT** |
| **ORCHARD VILLAGE APARTMENT HOMES, LLC, a Nebraska Limited Liability Company,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Plaintiff's Stipulation (Filing No. 72), signed by Plaintiff's counsel and by Herbert Freeman, the Defendant's Manager.[1] In the Stipulation, the parties ask that this Court enter Judgment in favor of the Plaintiff and against the Defendant, Orchard Village Apartment Homes, LLC, in the amount of Thirty Thousand Dollars ($30,000.00). (Filing No. 72). The Court finds that the Plaintiff's Stipulation (Filing No. 72) should be construed as a Motion for Default Judgment, pursuant to Fed. R. Civ. Pro. 55(b)(2).

The Clerk of the Court has entered default against the Defendant pursuant to Fed. R. Civ. Pro. 55(b)(1). (*See* Filing No. 69). On January 27, 2009, Magistrate Judge Gossett cautioned the Defendant "that it would be held in default if its attorney was permitted to withdraw from the case without substitute counsel appearing." (Filing No. 69 (citing Filing No. 64). On February 19, 2009, Magistrate Judge Gossett granted Defense counsel's Motion to Withdraw. (Filing No. 67). Since that time, no substitute counsel has entered any

---

[1] The Stipulation (Filing No. 72) does not contain a signature of Defense counsel, because the Defendant's attorney, T. Randall Wright, was deemed withdrawn on February 19, 2009 (Filing No. 67). Since that time, the Defendant has failed to enter the appearance of any substitute counsel.

appearance on behalf of the Defendant. As a result of the Defendant's failure to retain counsel,[2] the Defendant was found to be in default and the Clerk of the Court entered a default judgment against the Defendant on March 3, 2009. (Filing No. 69).

As a result of the prior entry of default against the Defendant, the Court finds that the Plaintiff's Stipulation (Filing No. 72) is properly construed as a Motion for Default Judgment made pursuant to Fed. R. Civ. Pro. 55(b)(2). The Court finds that default judgment in this case is proper, because the Defendant corporation has failed to enter a substitute appearance of counsel, despite having been ordered to do so. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996)( "[F]ailure to respond to the magistrate judge's orders . . . [is] certainly grounds for default judgment."). Fed. R. Civ. Pro. 37(b)(2)(A)(vi) grants this Court the discretion to "rende[r] a default judgment against the disobedient party" in instances where one party fails to comply with pre-trial orders.

When the Court finds that default judgment is appropriate, a court will bind the party facing the default as having admitted all the well-pleaded allegations in the Plaintiff's complaint. *See Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004)(citing *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988); Fed. R. Civ. P. 55(b)(2)). Accordingly, the allegations contained in the Plaintiff's Complaint will be accepted as true, and the Plaintiff is entitled to judgment by default on all her claims.

In her Stipulation (Filing No. 72), the Plaintiff requests that this Court enter Judgment in her favor and against the Defendant, Orchard Village Apartment Homes, LLC, in the amount of Thirty Thousand Dollars ($30,000.00). The Court notes that the

---

[2] *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996)("[T]he law does not allow a corporation to proceed pro se.")(citing 28 U.S.C. § 1654).

Defendant's Manager, Herbert Freeman, signed the Plaintiff's Stipulation. (Filing No. 72). Consequently, the Court concludes the parties are in agreement that a judgment in the amount of $30,000.00 is just and appropriate.  Having reviewed the record and having found no objections, the Court finds an award in the amount of $30,000.00 to be reasonable and appropriate.

Accordingly, the Court concludes that the Defendant owes no additional amount to the Plaintiff, and the Court will award the Plaintiff $30,000.00, the exact amount she requested in her Stipulation. (Filing No. 72).

IT IS ORDERED:

1. The Plaintiff's Stipulation, properly construed as a Fed. R. Civ. Pro. 55(b)(2) Motion for Default Judgment (Filing No. 72), is granted;

2. Final Default Judgment is hereby entered on all claims in the Complaint, in favor of the Plaintiff and against the Defendant in the amount of $30,000.00; and

3. Costs, if any, are taxed to the Defendant.

DATED this 4th day of June, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Court